UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH IMAD AL JASSIM,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS and UR JADDOU,<br><br>Defendants. | No. 2:24-cv-00288 KJM AC<br><br><br>ORDER and<br><br>FINDINGS & RECOMMENDATIONS |

    Plaintiff filed this action on January 23, 2024 pursuant to 8 U.S.C. § 1447(b), asking the court to conduct a hearing and make a determination on his naturalization application because defendants failed to act on the application within 120 days following his naturalization interview. ECF No. 1 at 1-2. On February 8, 2024, defendants, who are federal officials sued in their official capacities as representatives of U.S. Citizenship and Immigration Services ("USCIS"), moved to remand this case to USCIS under 8 U.S.C. § 1447(b). ECF No. 9. Plaintiff did not oppose the motion. Defendants request that the court enter an order of remand pursuant to 8 U.S.C. § 1447(b), requiring USCIS complete the adjudication on plaintiff's application within 15 days; they confirm in their reply brief that USCIS is prepared to complete the adjudication of plaintiff's naturalization application within 15 days of entry of the remand order. ECF No. 11 at 2.

Once a lawsuit is filed under 8 U.S.C. § 1447(b), the court has exclusive jurisdiction over the matter. See U.S. v. Hovsepian, 359 F.3d 1144, 1160 (9th Cir. 2004). The statute grants the court authority to make a judicial determination of naturalization or remand the matter to USCIS with instructions to adjudicate. See 8 U.S.C. § 1447(b) ("the court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter."). The decision whether to remand is entirely within this Court's discretion. Hovsepian, 359 F.3d at 1161. It appears clear in this case, given defendants' representations, that remand serves the interests of all parties. Plaintiff has not opposed remand. Accordingly, the undersigned recommends this case be remanded to USCIS with an instruction that it adjudicate plaintiff's naturalization application within 15 days of remand.

Based on the foregoing, it is ORDERED that the motion hearing set for May 22, 2024 (ECF No. 10) is VACATED. Further, IT IS HEREBY RECOMMENDED that

1. That defendants' motion for remand (ECF No. 9) be GRANTED and this action be remanded to the U.S. Citizenship and Immigration Services with instructions to adjudicate plaintiff's naturalization application within 15 days of remand; and
2. That this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////
////
////
////

1  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57
2  (9th Cir. 1991).
3  DATED: April 25, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE